UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

YACOV YARDENY,

            Plaintiff,

-against-

HON. AUGUSTUS C. AGATE, New York Supreme Court Justice, HON. CARMEN VELASQUES, New York Supreme Court Justice, NEW YORK SUPREME COURT QUEENS COUNTY,

            Defendants.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
22-CV-5075 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Yacov Yardeny brings this 42 U.S.C. § 1983 action against two state-court justices and against the New York Supreme Court, Queens County. As explained below, plaintiff's motion to proceed *in forma pauperis* is granted, but his complaint is dismissed.

Plaintiff has sued two justices who presided over state-court lawsuits to which plaintiff was a party, as well as the New York Supreme Court, County of Queens, where one or both of those lawsuits was adjudicated. Plaintiff alleges that defendant Augustus Agate, a New York Supreme Court Justice, deprived plaintiff of due process rights by improperly issuing a default judgment against plaintiff in a landlord-tenant dispute. Compl. (Dkt. #1) 6–7. Plaintiff alleges that defendant Carmen Velasques, who is also a Justice on the New York Supreme Court, erred in her handling of a different state lawsuit filed by plaintiff. *Id*. at 7. He alleges that the justice improperly limited his questioning of the defendant in that case, and that she erroneously denied his bid to vacate the judgment in that matter. *Ibid*. For relief, plaintiff requests this Court "void the judgment" against plaintiff in the landlord-tenant dispute and award damages. *Id.* at 8.

1

The portion of plaintiff's suit that seeks to void the state-court judgment in his landlord-tenant dispute is dismissed for lack of subject matter jurisdiction. While a complaint filed by a *pro se* plaintiff must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a *pro se* plaintiff must "still . . . establish[] that the court has subject matter jurisdiction over the action," *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005), and a district court may dismiss a lawsuit *sua sponte* when the plaintiff fails to do so, *Oscar Gruss & Son., Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003); s*ee* Fed. R. Civ. P. 12(h)(3). Further, under the *Rooker-Feldman* doctrine, "federal district courts lack [subject-matter] jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). "For a claim to be barred" under *Rooker-Feldman*, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id*. at 645. All these requirements are satisfied with respect to plaintiff's federal claim seeking to void a state-court judgment. Accordingly, that claim is barred.

Plaintiff's claims for damages are dismissed under 28 U.S.C. § 1915(e)(2)(B). Under that provision, when a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "seeks monetary relief against" defendants who are "immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims seeking damages against Justices Agate and Velasquez are dismissed because state-court justices have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see, e.g.*, *Rose v. Knipel*, No. 21-CV-786 (LDH)

(LB), 2022 WL 1105491, at *2 (E.D.N.Y. Apr. 13, 2022). A justice cannot be deprived of immunity on the ground that—as plaintiff alleges—"the action [the justices] took w[ere] in error." *Mireles,* 502 U.S. at 11 (quotations omitted).

Plaintiff's claims against New York Supreme Court, Queens County, are foreclosed by sovereign immunity. "Because the New York Supreme Court[] is part of the New York State Unified Court System, . . . the Eleventh Amendment bars plaintiff's claims against the state court from proceeding in federal court." *Cass v. U.S. Dist. Ct., E. Dist. of New York,* No. 20-CV-6071 (KAM), 2021 WL 1124540, at *5 (E.D.N.Y. Mar. 24, 2021) (citing *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)) (other citations omitted).

## CONCLUSION

Plaintiff's complaint is dismissed with prejudice. Typically, when a plaintiff is *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Nevertheless, leave to amend may be denied "when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006) (citation omitted). Because the deficiencies in plaintiff's complaint cannot be cured through better pleading, the complaint is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully

directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to plaintiff.

    SO ORDERED.

                                                    /s/ Rachel Kovner
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated:        November 22, 2022
               Brooklyn, New York